UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES,<br>Plaintiff,<br>v.<br>MONIQUE DELEON,<br>Defendant. | Case No. 1:26-cv-08310-EPG<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED<br><br>(ECF No. 1)<br><br>RESPONSE DUE WITHIN FOURTEEN DAYS |

Plaintiff James Albert Hodges is a state prisoner (prisoner # V-41134) proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 2). At the time of the events in his complaint, Plaintiff was a parolee and on parole.

Plaintiff filed his complaint on October 13, 2026, alleging that Defendant Monique Deleon, Bakersfield Parole Officer, used excessive force in arresting him for indecent exposure on December 8, 2022 and then falsified an arrest report that led to his criminal conviction in state court. (ECF No. 1).

Plaintiff previously filed a lawsuit in this District asserting the same underlying claims against the same defendant as in this case. *See Hodges v. Deleon*, 1:25-cv-00683-KES-BAM (E.D. Cal. Sept. 16, 2026) ("*Hodges I*"). The *Hodges I* court ultimately dismissed without prejudice the claims in Plaintiff's second amended complaint because 1) his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and 2) the court lacked authority to review and reverse the state court criminal conviction under the *Rooker-Feldman* doctrine. *Id.* at ECF No. 27.

In this action, Plaintiff re-asserts the same claims in what he describes as his "second amended complaint," and does not seem to allege any new circumstances apart from *Hodges I*. (ECF No. 1 at 3). However, the doctrine of collateral estoppel bars parties from relitigating issues already decided by a court in a separate case.

Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed as barred by *Heck v. Humphrey* and the *Rooker-Feldman* doctrine. Plaintiff must file a response within fourteen days. If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that this case be dismissed.

## I. PLAINTIFF'S COMPLAINT BARRED BY *HECK* AND *ROOKER-FELDMAN*

Under federal law, collateral estoppel "bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (quoting *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005)).

Further, collateral estoppel can apply to a dismissal without prejudice if the determination being accorded preclusive effect was essential to the judgment of dismissal. *Gallegos v. Reinstein*, No. 12–16736, 560 F. App'x 669 (9th Cir. Mar. 4, 2014) ("Dismissal of Gallegos's claims related to a prior § 1983 action that the Arizona district court dismissed without prejudice was proper under the doctrine of collateral estoppel because the issues raised in these claims had been previously litigated, and were necessary to the prior judgment of dismissal.") (citing *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) and *Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987)) ("The litigation of an issue presented and necessarily decided in a prior action between the same parties is foreclosed by the doctrine of issue preclusion. It matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded preclusive effect was essential to the dismissal.") (internal citations omitted).

"[T]he principle is simply that later courts should honor the first actual decision of a

matter that has been actually litigated." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4416 (3d ed. 1998). Collateral estoppel serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

In *Hodges I*, the court found that Plaintiff was seeking damages attributable to his allegedly unconstitutional state court conviction for biting Deleon, which is barred by *Heck v. Humphrey*. *Heck*, 512 U.S. at 486-87. In *Heck*, the Supreme Court reasoned that such a suit in truth mounts a "collateral attack" on the validity of the conviction and thus intrudes on the habeas statute's domain. *Id.* at 485. Hence the so-called *Heck* bar on "§1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id*. at 486. "[W]hen a state prisoner seeks damages in a §1983 suit," the Court went on, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

The *Hodges I* court also dismissed the case based on the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). In other words, a federal district court generally does not have authority to review state court decisions and reverse those decisions. The purpose of this doctrine "is to protect state judgments from collateral federal attack. Because [federal] district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16).

Here, absent new circumstances, Plaintiff is bound by the decision in *Hodges I*, that is,

that his claims are barred by *Heck v. Humphrey* and the *Rooker-Feldman* doctrine.

In reviewing the complaint, Plaintiff describes the same allegations of excessive force against the same defendant, Monique Deleon, on the same date, December 8, 2022, as he asserted in *Hodges I*. (ECF No. 1 at 3-6). Plaintiff describes the same details of his arrest, including that Deleon and three other parole officers arrived at his door to arrest him for indecent exposure, and Deleon allegedly prepared a false arrest report accusing Plaintiff of biting her. (*Id.*). Plaintiff alleges he was wrongfully convicted in state court and imprisoned based on that false report. (*Id.*). Plaintiff even identifies his complaint as his "second amended complaint," seemingly referring to *Hodges I*. (at 3).

Thus, Plaintiff does not appear to describe any new circumstances from *Hodges I*.

## II. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff has fourteen days from the date of this order to show cause why this case should not be dismissed as barred by *Heck v. Humphrey* and the *Rooker-Feldman* doctrine. If Plaintiff fails to file a response, this Court will recommend that this case be dismissed.

Moreover, the Clerk of Court is directed to assign a District Judge to this case.

IT IS SO ORDERED.

Dated: **November 17, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE